<table>
<tr><td colspan="2"><strong>Fill in this information to identify your case:</strong></td></tr>
</table>

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____   Chapter   **11**

☐ Check if this an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy                4/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **Southeastern Metal Products LLC** |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | 20-4849192 |

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **1420 Metals Drive**<br>**Charlotte, NC 28206**<br>Number, Street, City, State & ZIP Code | <br><br>P.O. Box, Number, Street, City, State & ZIP Code |
| **Mecklenburg**<br>County | Location of principal assets, if different from principal place of business |
| | Number, Street, City, State & ZIP Code |

**5. Debtor's website (URL)**  www.sempllc.com

**6. Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor   **Southeastern Metal Products LLC**                                    Case number (*if known*) _____
         Name

**7.   Describe debtor's business**   A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
   See http://www.uscourts.gov/four-digit-national-association-naics-codes.
   __3329__

**8.   Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply*:

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.   Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☑ No.

☐ Yes.

If more than 2 cases, attach a separate list.

| District _____ | When _____ | Case number _____ |
| District _____ | When _____ | Case number _____ |

**10.   Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☑ No

☐ Yes.

List all cases. If more than 1, attach a separate list

| Debtor _____ | | Relationship _____ |
| District _____ | When _____ | Case number, if known _____ |

Debtor   **Southeastern Metal Products LLC**                     Case number (*if known*) _____
         Name

**11. Why is the case filed in this district?**   *Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                           Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

         Contact name _____

         Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**   .   *Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☑ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☑ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☑ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

---

Debtor    __Southeastern Metal Products LLC_____        Case number (if known) _____
          Name

| | Request for Relief, Declaration, and Signatures |

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    05/06/2019
               MM / DD / YYYY

X _____        David Denton
Signature of authorized representative of debtor    Printed name

Title    **President**_____

**18. Signature of attorney**

X _____        Date  5/6/2019
Signature of attorney for debtor                      MM / DD / YYYY

**Michael Busenkell**
Printed name

**Gellert Scali Busenkell & Brown, LLC**
Firm name

**1201 N. Orange Street
Suite 300
Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone    **302-425-5812**        Email address    **mbusenkell@gsbblaw.com**

**3933 DE**
Bar number and State

Fill in this information to identify the case:

Debtor name    **Southeastern Metal Products LLC**

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known) _____

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐  *Schedule H: Codebtors* (Official Form 206H)
☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐  Amended *Schedule* _____
☐  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐  Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   *05/06/2019*        x _David Dent_____
                                        Signature of individual signing on behalf of debtor

                                   **David Denton**
                                   Printed name

                                   **President**
                                   Position or relationship to debtor

<table>
<tr><td colspan="2">Fill in this information to identify the case:</td></tr>
<tr><td>Debtor name</td><td>Southeastern Metal Products LLC</td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the:   DISTRICT OF DELAWARE</td></tr>
<tr><td colspan="2">Case number (if known):</td></tr>
</table>

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders                                                                                 12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 5-F MECHANICAL GROUP, INC PO BOX 81305 Austin, TX 78708 | | | | | | $225,517.03 |
| AIRGAS NATIONAL WELDERS 5315 OLD DOWD ROAD Charlotte, NC 28266-8804 | | | | | | $64,853.56 |
| ATHENA MANUFACTURING, LP 15900 BRATTON LANE Austin, TX 78728 | | | | | | $96,179.66 |
| BOYD CORPORATION 600 SOUTH MCCLURE RD Modesto, CA 95357 | | | | | | $60,528.09 |
| D.B. ROBERTS COMPANY 2300 WESTINGHOUSE BLVD Raleigh, NC 27604 | | | | | | $78,749.68 |
| ENHANCED POWDER COATING AZZ, INC 3333 N. I-35 BUILDING A Gainesville, TX 76240 | | | | | | $59,164.60 |

Debtor   **Southeastern Metal Products LLC**                              Case number *(if known)*
         Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| IL2000 INTEGRATED LOGISTICS 2000,LLC PO BOX 8372 Virginia Beach, VA 23450-8372 | | | | | | $120,202.38 |
| JOSEPH T. RYERSON & SON INC 2621 W. 15TH PLACE Chicago, IL 60608 | | | | | | $240,758.31 |
| METALS USA-RANDLEMAN 4309 US HWY 311 Randleman, NC 27317-9737 | | | | | | $653,110.73 |
| MIAMI VALLEY STEEL 201 FOX DRIVE Piqua, OH 45356-6000 | | | | | | $79,974.74 |
| MODERN ALUMINUM CASTINGS COMPANY, INC. 1400 NORTH 14TH STREET Terre Haute, IN 47807 | | | | | | $111,206.70 |
| PHOENIX METALS COMPANY PO BOX 932589 Atlanta, GA 31193-2589 | | | | | | $131,153.39 |
| PIEDMONT PLASTICS INC 5010 WEST W.T. HARRIS BLVD Charlotte, NC 28269 | | | | | | $164,499.42 |
| POLYMERSHAPES LLC 3000 CROSSPOINT CENTER LANE Charlotte, NC 28269 | | | | | | $61,579.15 |
| RACE CITY STEEL 4052 N. HIGHWAY 16 Denver, NC 28037 | | | | | | $98,715.13 |

Debtor   **Southeastern Metal Products LLC**                                Case number *(if known)*  _____
         Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| RELEVANT SOLUTIONS 9750 WEST SAM HOUSTON PARKWAY NORTH Suite 190 Houston, TX 77064 | | | | | | $145,542.78 |
| ROLLED METAL PRODUCTS P. O. BOX 1734 Zachary, LA 70791 | | | | | | $269,001.73 |
| SOUTHEASTERN FREIGHT LINES PO BOX 1691 Columbia, SC 29202 | | | | | | $79,759.45 |
| STEEL WAREHOUSE 600 RIVER TERMINAL ROAD Chattanooga, TN 37406-1731 | | | | | | $99,147.69 |
| SUPERIOR PRODUCTION LLC 2301 FAIRWOOD AVENUE Columbus, OH 43207 | | | | | | $1,134,348.06 |

## United States Bankruptcy Court
### District of Delaware

In re   **Southeastern Metal Products LLC** _____   Case No. _____

                                                    Debtor(s)        Chapter   **11** _____

### CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for **Southeastern Metal Products LLC** in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**JL Holdings 2002 LLC**
**950 Third Ave. 22nd Floor**
**New York, NY 10022**
_____

**Juno Invesments LLC**
**950 Third Ave. 22nd Floor**
**New York, NY 10022**
_____

**SEMP Henry LLC**
**C/O Dawn Homes Management**
**20 Corporate Woods Blvd. 5th Floor**
**Albany, NY 12211**
_____

☐ None [*Check if applicable*]

5/6/19
_____
Date

**Michael Busenkell**
Signature of Attorney or Litigant
Counsel for   **Southeastern Metal Products LLC** _____
**Gellert Scali Busenkell & Brown, LLC**
**1201 N. Orange Street**
**Suite 300**
**Wilmington, DE 19801**
**302-425-5812 Fax:302-425-5814**
**mbusenkell@gsbblaw.com**

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## District of Delaware

In re   **Southeastern Metal Products LLC**                                                       Case No. _____

                                          Debtor(s)                                          Chapter      **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that
    compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to
    be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept _____   $ _____

    Prior to the filing of this statement I have received _____   $   **32,000.00  retainer**

    Balance Due _____   $ _____

2.  The source of the compensation paid to me was:

    ■ Debtor      ☐ Other (specify):

3.  The source of compensation to be paid to me is:

    ■ Debtor      ☐ Other (specify):

4.  ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A
       copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  [Other provisions as needed]
        **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of
        reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC
        522(f)(2)(A) for avoidance of liens on household goods.**

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:
    **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or
    any other adversary proceeding.**

---

**CERTIFICATION**

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in
this bankruptcy proceeding.

_5/6/19_____                              Michael Busenkell (DE 3933)
   *Date*                                                   *Signature of Attorney*
                                                            **Gellert Scali Busenkell & Brown, LLC**
                                                            **1201 N. Orange Street**
                                                            **Suite 300**
                                                            **Wilmington, DE 19801**
                                                            **302-425-5812  Fax: 302-425-5814**
                                                            **mbusenkell@gsbblaw.com**

---

# RESOLUTIONS OF THE MEMBERS

## OF

## SOUTHEASTERN METAL PRODUCTS LLC

The undersigned comprising the Members of Southeastern Metal Products LLC (the "Company"), a limited liability company organized under the laws of the State of Delaware, hereby unanimously adopt and approve the following resolutions on this 6th day of May, 2019.

RESOLVED that, in the business judgment of the Members of the Company, due to the circumstances affecting the Company, it is desirable and in the best interests of the Company, its creditors, Members and other interested parties that a petition should be filed by the Company seeking relief under the provisions of Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"), and the filing of such petition is authorized hereby; and it is further

RESOLVED that David P. Denton, President, a duly designated Officer of the Company (the "Authorized Officer") in such capacity is hereby authorized, empowered and directed on behalf of the Company to execute, deliver and verify a petition in the name of the Company under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court") in such form and at such time as the Authorized Officer executing said petition on behalf of the Company shall determine appropriate, and the execution and delivery thereof of such Authorized Officer shall be conclusive evidence of such officer's determination and these Members' approval thereof; and it is further

RESOLVED that the Authorized Officer, be and hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to execute, deliver, verify, and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein) all documents necessary or appropriate in connection with the filing of said bankruptcy petition, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings, and other papers, in such form as the Authorized Officer shall determine appropriate, such execution, delivery, verification and/or filing to be conclusive evidence of Authorized Officer's determination and these Members' approval thereof and in that connection to employ and retain all assistance by legal counsel, accountants and other professionals and to take any and all action which he deems necessary or proper in connection with the Chapter 11 Case, with a view to the successful prosecution of such case; and it is further

RESOLVED that the law firm of Rayburn Cooper & Durham, P.A., 227 West Trade Street, Suite 1200, Charlotte, North Carolina 28202, is hereby employed as attorneys for the Company in the Chapter 11 Case and in related matters, on such terms and conditions as the Authorized Officer of the Company shall approve and said firm shall agree; and it is further

{00325126 v 1}

RESOLVED that the law firm of Gellert Scali Busenkell & Brown, LLC, 1201 N. Orange Street, Suite 300, Wilmington, Delaware, 19801, is also hereby employed as attorneys for the Company in the Chapter 11 case and in related matters, on such terms and conditions as the Authorized Officer of the Company shall approve and said firm shall agree; and it is further

RESOLVED that the advisory firm of the Finley Group, 212 South Tryon Street, Suite 1050, Charlotte, NC, 28202, is also hereby employed as professionals for the Company in the Chapter 11 case and in related matters, on such terms and conditions as the Authorized Officer of the Company shall approve and said firm shall agree; and it is further

RESOLVED that the Authorized Officer be, and hereby is, authorized on behalf of and in the name of the Company, as debtor and debtor-in-possession, to enter into and to execute and deliver such agreements, instruments and any and all other documents and amendments that the Authorized Officer determines necessary or appropriate to facilitate the transactions contemplated by the foregoing resolutions; and it is further

RESOLVED that the Authorized Officer be, and hereby is, authorized, in the name and on behalf of the Company to take or cause to be taken any and all such further action and to enter into and to execute and deliver or cause to be executed or delivered all such further agreements, documents, certificates and undertakings, and to incur all such fees and expenses as in his judgment shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions, as the Authorized Officer shall determine necessary, proper or desirable, such taking of action and/or execution and/or delivery of such documents to be conclusive evidence of such Authorized Officer's determination and this Board's approval thereof; and it is further

RESOLVED that all actions previously taken by an Authorized Officer in the name and on behalf of the Company in furtherance of any or all of the proceeding resolutions be, and the same hereby are, ratified, confirmed and approved as acts of the Company, and it is further

RESOLVED that the Members hereby authorize the Secretary or any Assistant Secretary of the Company to make such corrective or minor modifications or additions to the foregoing resolutions as shall be deemed necessary or appropriate, so long as the resolutions, as so modified or supplemented, effect the intent and purposes of these resolutions.


[SIGNATURE PAGE TO FOLLOW]


{00325126 v 1}

IN WITNESS WHEREOF, the undersigned has unanimously adopted these Resolutions as Members for the Company on this 6ᵗʰ day of May, 2019.

Juno Investments LLC, as Member

By: _____
Name: James Haber
Title: Manager

JL Holdings 2002 LLC, as Member

By: _____
Name: James Haber
Title: Manager

SEMP Henry LLC, as Member

By: _____
Name: Mark Rosen
Title: Manager

{00325126 v 1 }