## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SOUTHEASTERN METAL PRODUCTS LLC, et al., | Case No. 19-10989 (BLS) (Jointly Administered) |
| Debtors[1] | **Obj. Deadline: June 17, 2020 at 4:00 p.m.**<br>**Hearing Date: June 24, 2020 at 11:00 a.m.** |

**DEBTORS' MOTION FOR AN ORDER (I) APPROVING THE SALE OF CERTAIN PERSONAL PROPERTY ASSETS, INCLUDING MACHINERY AND EQUIPMENT, FREE AND CLEAR OF ALL ENCUMBRANCES PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE, SUBJECT TO HIGHER AND BETTER OFFERS; AND (II) GRANTING RELATED RELIEF**

The debtors and debtors in possession (collectively, the "Debtors") in the above-captioned Chapter 11 cases (the "Chapter 11 Cases") respectfully submit the *Debtors' Motion for an Order (I) Approving the Sale of Certain Personal Property Assets, Including Machinery and Equipment, Free and Clear of All Encumbrances Pursuant to Section 363 of the Bankruptcy Code, Subject to Higher and Better Offers; and (II) Granting Related Relief* (the "Motion"). In support of the Motion, the Debtors represent as follows:

### RELIEF REQUESTED

1.      The Debtors submit this Motion pursuant to sections 105, 363, 1107(a), and 1108 of the Bankruptcy Code, Rules 2002, 6004, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure, and Rules 6004-1 and 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Sale Order"): (i) authorizing and approving the sale, subject to higher and better offers that may be received on or before June 17, 2020 at 12:00 p.m. ET in accordance with certain sale

---

[1]  The Debtors and the last four digits of their respective federal tax identification numbers are:  Southeastern Metal Products LLC (9192) and SEMP Texas, LLC (3419).

procedures set forth herein, of certain of the Debtors' personal property assets, including substantially all machinery and equipment, a description of which is attached to this Motion as **Exhibit B** (the "<u>Personal Property Assets</u>") to Asset Sales, Inc. ("ASI"), free and clear of any liens, claims, interests, or encumbrances (collectively, the "<u>Interests</u>") pursuant to section 363(f) of the Bankruptcy Code, with any such Interests to attach to the proceeds thereof with the same validity and priority as such Interests had immediately prior to the consummation of the sale of the Personal Property Assets; and (ii) granting related relief.

## <u>JURISDICTION AND VENUE</u>

2.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and Local Rule 9013-1(f). The Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 105, 363, 1107(a), and 1108, Bankruptcy Rules 2002, 6004, 9007, and 9014, and Local Rules 6004-1 and 9013-1(m).

## <u>BACKGROUND</u>

### A.      <u>General Background</u>.

4.      On May 6, 2019 ("<u>Petition Date</u>"), the Debtors commenced these jointly administered cases (collectively, the "<u>Chapter 11 Cases</u>") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5.      The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

6.      No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.  A committee of unsecured creditors (the "Committee") was appointed on May 20, 2019.

7.      A detailed background of the Debtors' businesses and operations, as well as the events leading up to the filing of the Chapter 11 Cases is set forth in the *Affidavit of Glenn Purcell in Support of First-Day Relief* (Docket No. 4).

8.      The Debtors and the Committee, as joint plan proponents, filed a *Joint Plan of Orderly Liquidation of the Debtors and the Official Committee of Unsecured Creditors*, [Docket No. 363] (the "Plan"), under the terms of which, all assets of the Debtors are to be liquidated.  A hearing to determine final approval of a disclosure statement and confirmation of the Plan is scheduled for June 24, 2020.

**B.      The Personal Property Assets.**

9.      Debtors own certain items of personal property, including substantially all of the machinery and equipment used by the Debtors in the operation of their businesses, which is currently located at the Debtors' principal place of business located at 1420 and 1430 Metals Drive, Charlotte, Mecklenburg County, North Carolina (collectively, the "Personal Property Assets").  A more complete itemization and description of the Personal Property Assets that are the subject of this Motion is attached hereto as **Exhibit B**.

**C.      The Sale and Potential Auction Procedure.**

10.     The Debtors have solicited and received no less than seven offers for the purchase of the Personal Property Assets.  All offers received include all cash bids with limited due diligence requirements, most of which has already commenced by such bidders, and propose a

closing prior to the end of June, 2020.  At least two offers include also an option for a reduced up-front cash offer and a share of the profit generated from a subsequent sale of the Personal Property Assets.

11.     Following receipt the offers, the Debtors, in consultation with the Committee, developed a procedure (as specified herein, the "Sale Procedure") designed to solicit, receive, and evaluate potential bids not only from the original offerors, but also other potential purchasers, in a fair and reasonable manner.

12.     Prior to the filing of this Motion, in consultation with each of the potential purchasers and their counsel, if any, the Debtors and the Committee determined that they would seek approval of the sale of the Personal Property Assets to the party submitting the highest and best offer; provided, however that such offer would be treated in the Motion as a stalking horse bid and would remain subject to higher and better offers.

13.     After consultation with the Committee, the Debtors determined that ASI's offer for the Personal Property Assets was the highest and best offer. A copy of ASI's offer for the purchase of the Personal Property Assets is annexed here to as **Exhibit C**.

14.     Therefore the Debtors will seek approval of a sale of the Personal Property Assets to ASI, unless a higher and better competing bid is received on or before 12:00 p.m. ET on June 17, 2020 in accordance with the Sale Procedure identified herein, in which case the Debtors and the Committee will conduct an auction on June 19, 2020 commencing at 10:00 a.m. ET, and will thereafter certify to the Court the outcome of such auction, and will seek approval of the highest and best bid received at auction. The second highest bid received at auction will be considered the backup bidder, and the Debtors will proceed to closing with the backup bidder if the successful bidder at auction fails to close for any reason.

15.     In the exercise of their business judgment, and upon consultation with their professionals, Debtors and the Committee believe that the Sale Procedure described below is fair and reasonable and will provide parties with interest in purchasing the Personal Property Assets sufficient time and information to formulate and submit bids to purchase the Personal Property Assets.

16.     Further, the Debtors believe that the schedule contemplated by this Motion provides adequate time to conduct and complete a fair and open sales process that will maximize the value received for the Personal Property Assets.

17.     The Debtors' intend to implement the following timeline for events leading to the sale of the Personal Property Assets to ASI or to the successful bidder at auction (the "Sale Timeline"):

| Action | Deadline/Date |
|---|---|
| Bid Deadline | **June 17, 2020 at 12:00 p.m. ET**<br>Deadline for submission of bids for the Personal Property Assets to be actually received by the Debtors and Committee. |
| Announcement of Auction | **June 17, 2020 at 5:00 p.m.**<br>If a higher and better bid(s) is received Debtors shall announce to parties submitting bids that an auction will be held on June 19, 2020 at 10:00 a.m. ET. |
| Auction | **June 19, 2020 at 10:00 a.m.**<br>In the event of multiple competitive bids (including the stalking horse bid), the date the Auction will be held by remote means (*e.g.* zoom).<br><br>The Debtors may cancel the auction by filing a notice on the docket by 11:59 p.m. ET on June 17, 2020 if no competing bids are received. |

| **Hearing to Approve and Confirm Sale** | **June 24, 2020 at 11:00 a.m.** Hearing to approve and confirm sale to stalking horse bidder or successful bidder at auction. |
|---|---|
| **Closing** | Closing shall be held no later than seven (7) days after entry of an Order approving the sale. |

18. The Debtors believe that this timeline maximizes the prospect of receiving higher and better offers, particularly from the parties that already have expressed interest in purchasing the Personal Property Assets.

19. The Debtors intend to conduct the sale process and auction in the manner that they determine to be reasonable, in consultation with the Committee and Fairview Loans IV, LLC (and subject to all rights of Fairview Loans IV, LLC as the primary secured creditor).

20. The Debtors do not seek to impose any "bid protections" that might dissuade participation in the auction, chill bidding or suppress value. The Debtors will seek and consider any bid for the Personal Property Assets on any terms, provided that such bid meets the following requirements (the "Bid Requirements") that the bid: (i) is not subject to any significant conditions such as financing; (ii) is not subject to a diligence period that would preclude a closing on or before July 1, 2020; and (iii) does not restrict the Debtor's ability to solicit, seek, consider and accept higher or better bids in the exercise of their business judgment and in accordance with the Sale Timeline. Notwithstanding the foregoing, the Debtors will consider combined bids for both the Personal Property Assets and the Debtor's real estate, which may also be subject to auction on June 19, 2020.

21. The Debtors submit that the process detailed herein comports with their fiduciary obligations to maximize the value received for the Personal Property Assets and permits Debtors reasonable flexibility to encourage and consider potential bids.

**D.    Notice Procedures.**

22.    The Debtors shall cause notice of the June 24, 2020 hearing to be served upon the Notice Parties (as defined below), as well as any parties that have expressed an interest in the Personal Property Assets. The notice also will indicate that copies of this Motion and any sale or auction related documents, if applicable, can be obtained upon request to counsel to the Debtors and on the website of the Debtors' claims and noticing agent, Omni Management, LLC.

23.    The notice also will include the Sale Timeline. The Debtors submit that the methods of notice described herein comply fully with Bankruptcy Rule 2002 and constitute good and adequate notice of the proposed sale of the Personal Property Assets. The Debtors therefore request that the hearing notice be deemed sufficient and proper notice.

**BASIS FOR RELIEF**

**A.    Business Justification for the Sale.**

24.    Section 363(b)(1) of the Bankruptcy Code empowers the Court to allow a debtor to "use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). For reasons set forth in the Plan, the Debtors have determined to wind down their businesses and liquidate their assets, including seeking to divest themselves of the Personal Property Assets.

25.    Courts have authorized sales of a debtor's assets under section 363 of the Bankruptcy Code if such sale is based upon the sound business judgment of the debtor. *See, e.g., Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *In re Schipper*, 933 F.2d 513 (7th Cir. 1991)); *In re Chateaugay Corp.*, 973 F.2d 141, 143 (2d Cir. 1992); *Stephen Indus., Inc. v. McClung*, 789 F.2d 386 (6th Cir. 1986); *Committee of Equity Security Holders v. Lionel Corp.* (*In re Lionel Corp.*), 722 F.2d 1063, 1071 (2d Cir. 1983).

26.    Courts typically consider the following factors in determining whether a

7

proposed sale satisfies this standard: (a) whether a sound business justification exists for the sale; (b) whether adequate and reasonable notice of the sale was provided to interested parties; (c) whether the sale will produce a fair and reasonable price for the property; and (d) whether the parties have acted in good faith. *See In re Decora Indus., Inc.*, 2002 WL 32332749, at *2 (D. Del. May 20, 2002) (citing *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991)). Where a debtor demonstrates a valid business justification for a decision, it is presumed that "in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *In re Integrated Res., Inc.*, 147 B.R. at 656 (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)).

27.    A sound business purpose for the sale of a debtor's assets outside the ordinary course of business exists where such sale is necessary to preserve the value of the estate for the benefit of creditors and interest holders.  *See, e.g., In re Abbotts Dairies of Pa., Inc.,* 788 F.2d 143 (3d Cir. 1986); *In re Lionel Corp.*, 722 F.2d at 1063; *Four B. Corp. v. Food Barn Stores, Inc. (In re Food Barn Stores, Inc.)*, 107 F.3d 558, 566 n.16 (8th Cir. 1997).

28.    Courts emphasize that the business judgment rule is not an onerous standard and may be satisfied "as long as the proposed action *appears* to enhance the debtor's estate." *Crystalin, L.L.C. v. Selma Props. Inc.* (*In re Crystalin, L.L.C.*), 293 B.R. 455, 463-64 (B.A.P. 8th Cir. 2003). Courts require only that the debtors "show that a sound business purpose justifies such actions." *In re Montgomery Ward Holding Corp.*, 242 B.R. at 153 (citations omitted); *In re Lionel Corp.*, 722 F.2d at 1071.

29.    Under the business judgment rule, management of a corporation's affairs is placed in the hands of its board of directors and officers, and the Court should interfere with

their decisions only if it is made clear that those decisions are, *inter alia*, clearly erroneous, made arbitrarily, are in breach of the officers' and directors' fiduciary duty to the corporation, are made on the basis of inadequate information or study, are made in bad faith, or are in violation of the Bankruptcy Code." *In re Farmland Indus., Inc.*, 294 B.R. 855, 881 (Bankr. W.D. Mo. 2003) (citing *In re United Artists Theatre Co.*, 315 F.3d 217, 233 (3d Cir. 2003).

30.     Prior to filing the Motion, the Debtors determined in their business judgment, and following consultation with the Committee and Fairview Loans IV, LLC, that the best way to maximize value in these Chapter 11 Cases for all parties in interest is through a liquidation of assets. Because the Debtors do not intend to continue operating as a going concern, they believe it is in the best interests of all stakeholders for the Personal Property Assets to be monetized expeditiously, in order to avoid administrative drag on their estates, to effectuate payment in full to Fairview Loans IV, LLC and to maximize value to all parties in interest.

      **B.**      **The Sale Procedure is Fair, Designed to Maximize the Value Received for the Personal Property Assets, and Consistent with the Debtors' Reasonable Business Judgment.**

31.     The Sale Timeline is designed to maximize the value of the Debtors' Personal Property Assets by encouraging a bidding process by and among not only interested parties already identified, but also others that may be identified prior to the bid deadline, and is the product of the valid exercise of the Debtors' reasonable business judgment.

32.     The Sale Timeline is designed to maximize the sale proceeds received by the Debtors, and ultimately, the stakeholders.

33.     Under section 363(b) of the Bankruptcy Code, once a debtor has articulated a valid business justification for a proposed sale of estate property, there "is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company."

*Integrated Res.*, 147 B.R. at 656 (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985));

*accord In re MF Global, Inc.*, 467 B.R. 726, 730 (Bankr. S.D.N.Y. 2012) ("Generally, [w]here

the debtor articulates a reasonable basis for its business decisions . . . courts will generally not

entertain objections to the debtor's conduct.").

34.     With respect to decisions regarding the implementation of procedures to effect

the manner of a sale of estate property, deference is given to a debtor's reasonable exercise of

business judgment. *See In re Innkeepers Trust USA*, 448 B.R. 131, 146 (Bankr. S.D.N.Y. 2011)

(approving sale procedures as a valid exercise of debtors' business judgment).

35.     The Debtors believe that the Sale Timeline will promote active bidding from all

seriously interested parties and will elicit the highest or otherwise best offer available for the

Personal Property Assets.

36.     The Debtors already have received offers from seven bidders, each of which is

highly motivated to purchase the Personal Property Assets.  Each such potential purchaser

desires to purchase the Personal Property Assets without delay.  However, the Debtors believe

that exposure of the Personal Property Assets to additional parties who may be interested in

submitting competing bids is likely to garner offers even in excess of the offers already

received.

37.     As a result, the Debtors and the Committee believe that the Sale Timeline strikes

an appropriate balance for all parties, as it contemplates an opportunity for submission of bids

and potentially an open auction process to obtain the highest and best possible outcome for

stakeholders – while at the same time affording interested parties a measure of finality to the

process.

38.     As such, creditors of the Debtors' estates can be assured that the consideration

obtained will be fair and reasonable in light of the circumstances and exigencies of these Chapter 11 Cases.

39.    Accordingly, the Debtors believe that the process for the sale of the Personal Property Assets represents a valid exercise of their business judgment, will encourage bidding for the Personal Property Assets, is appropriate under the relevant standards, and should therefore be approved.

**C.    <u>The Debtors Request a Section 363(m) Finding</u>.**

40.    Section 363(m) of the Bankruptcy Code provides in pertinent part:

> [t]he reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

41.    Section 363(m) of the Bankruptcy Code thus protects the purchaser of assets sold pursuant to section 363 of the Bankruptcy Code from the risk that it will lose its interest in the purchased assets if the order allowing the sale is reversed on appeal, as long as such purchaser purchased the assets in "good faith." While the Bankruptcy Code does not define "good faith," courts have developed an equitable definition. *Licensing by Paolo, Inc. v. Sinatra* (*In re Gucci*), 126 F.3d 380, 390 (2d Cir. 1997); *Lynch v. Vaccaro*, 566 B.R. 290, 302 (E.D.N.Y. 2017). In particular, courts have held that a purchaser shows its good faith through the integrity of its conduct during the course of the sale proceedings, finding that where there is a lack of such integrity, a good-faith finding may not be made. *See, e.g.*, *In re Abbotts Dairies of Pa., Inc.*, 788 F.2d 143, 147 (3d Cir. 1986) ("Typically, the misconduct that would destroy a purchaser's

good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders."); *Lynch*, 566 B.R at 302 ("Good faith of a purchaser is shown by the integrity of his conduct. [W]here there is a lack of such integrity, a good faith finding may not be made.") (citing *Contrarian Funds LLC v. Aretex LLC* (*In re WestPoint Stevens, Inc.*), 600 F.3d 231, 248 (2d Cir. 2010)).

42.    So long as the conduct of the successful purchaser of the Personal Property Assets warrants, the Debtors intend to request entry of a sale order sufficient for the winning bidder(s) to be deemed a "good faith purchaser" within the meaning of section 363(m) of the Bankruptcy Code, and that any agreement is on arm's-length terms entitled to the protections of section 363(m) of the Bankruptcy Code.

###    D.    The Sale Should be Approved "Free and Clear" under Section 363(f).

43.    The sale of the Personal Property Assets should be approved "free and clear" of Interests under Section 363(f) of the Bankruptcy Code, which permits a debtor to sell property free and clear of another party's interest in the property if: (i) applicable nonbankruptcy law permits such sale free and clear sale; (ii) the holder of the Interest consents; (iii) the Interest is a lien and the sale price of the property exceeds the value of all liens on the property; (iv) the interest is the subject of a bona fide dispute; or (v) the holder of the Interest could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of its interest. *See* 11 U.S.C. § 363(f).

44.    Section 363(f) is drafted in the disjunctive. Thus, satisfaction of any of the requirements enumerated therein will suffice to warrant the sale of the Personal Property Assets free and clear of all Interests. *In re Metroplex on the Atl., LLC*, 545 B.R. 786, 792 (Bankr. E.D.N.Y. 2016); *Citicorp Homeowners Servs., Inc. v. Elliot* (*In re Elliot*), 94 B.R. 343,

345 (E.D. Pa. 1988).

45.     The Debtors submit that any Interest will satisfy at least one of the five conditions of section 363(f) of the Bankruptcy Code, and that any such Interest will be adequately protected by either being paid in full at the time of closing, or by having it attach to the net proceeds of the sale of the Personal Property Assets.

46.     Moreover, Fairview Loans IV, LLC consents to the sale of the Personal Property Assets, provided that it is either paid in full at the time of closing, or by having its Interest attach to the net proceeds of the sale of the Personal Property Assets against which it maintains a lien.

47.     The Debtors accordingly request authority to convey the Personal Property Assets free and clear of all Interests, with any such interests to attach to the proceeds.

**E.      The Form and Manner of the Hearing Notice Should be Approved.**

48.     As set forth above, the Debtors already have widely publicized their intent to sell the Personal Property Assets and such efforts have already garnered offers from seven interested parties, each of which is fully informed about the Sale Timeline.

49.     In addition, the Debtors shall cause the hearing notice to be served upon: (a) the Office of the United States Trustee for the District of Delaware; (b) the Debtors' thirty largest unsecured creditors; (c) counsel to Fairview Loans IV, LLC; (d) counsel to the Committee; (e) the Internal Revenue Service; (f) any party that has requested notice pursuant to Bankruptcy Rule 2002 as of the time of service; and (g) any other party required to be provided notice under Local Rule 9013-1(m) (collectively, the "Notice Parties"). Additionally, the Debtors will provide the notice promptly to any party that has expressed, or hereafter expresses, an interest in purchasing the Personal Property Assets.

## WAIVER OF STAY UNDER BANKRUPTCY RULE 6004(h)

50.      The Debtors also request that, to the extent applicable to the relief requested in this Motion, the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h).

## NO PREVIOUS REQUEST

51.      No previous motion for the relief requested herein has been made to this or any other Court by the Debtors.

## NOTICE

52.      Notice of this Motion shall be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Debtors' twenty largest unsecured creditors; (c) counsel to Fairview Loans IV, LLC; (d) counsel to the Committee; (e) the Internal Revenue Service; (f) any party that has requested notice pursuant to Bankruptcy Rule 2002 as of the time of service; and (g) any other party required to be provided notice under Local Rule 9013-1(m).


Dated: June 2, 2020                              WEIR & PARTNERS LLP

                                                 By: */s/ Jeffrey S. Cianciulli*
                                                     Jeffrey S. Cianciulli (#4369)
                                                     824 Market Street, Suite 800
                                                     Wilmington, DE 19801
                                                     (302) 652-8181 (telephone)
                                                     (302) 652-8909 (facsimile)
                                                     *Counsel for Debtors and Debtors-In-Possession*