**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SOUTHEASTERN METAL PRODUCTS LLC, et al.[1],<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 19-10989 (BLS)<br>Jointly Administered |
| In re:<br><br>SEMP TEXAS, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-10990 (BLS) |

**FINAL DECREE AND ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 350, FED. R. BANKR. P. 3022, AND LOCAL RULE 3022-1 CLOSING CASES**

Upon consideration of the motion (the "Motion") of the plan administrator in the above-captioned chapter 11 cases (the "Plan Administrator") for entry of a final decree, pursuant to sections 105(a) and 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1(a) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), closing the Chapter 11 Cases and terminating the claims and noticing services provided by Omni Management Group, Inc. in connection with the Chapter 11 Cases; and this Court having reviewed the Motion; and this Court finding good and sufficient cause for granting the relief as provided herein; and after proper notice and opportunity to respond to the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the

[1] The Debtors/Reorganized Debtors and the last four digits of their respective federal tax identification numbers are: Southeastern Metal Products, LLC (9192) and SEMP Texas, LLC (3419).

United States District Court for the District of Delaware, dated February 29, 2012, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The chapter 11 cases of SOUTHEASTERN METAL PRODUCTS LLC (Case No. 19-10989-BLS) and SEMP TEXAS LLC (Case No. 19-10990-BLS) (jointly administered at Case No. 19-10989-BLS) are hereby CLOSED effective as of the date of the entry of this Final Decree.

3. The entry of this Order is without prejudice to the rights of the U.S. Trustee, or any other party to seek to reopen the Chapter 11 Cases for cause pursuant to section 350(b) of the Bankruptcy Code. The Plan Administrator shall file and serve on the U.S. Trustee any remaining quarterly reports and pay any quarterly fees due and owing pursuant to 28 U.S.C. § 1930(a)(6) in the Chapter 11 Cases within thirty (30) days of the entry of this Order. Entry of this Order is without prejudice to the rights of the U.S. Trustee to reopen the Chapter 11 Cases to seek appropriate relief in the event of an unresolved dispute over the payment of fees pursuant to 28 U.S.C. § 1930(a)(6) or the post-confirmation reports.

4. The Clerk of the Court shall enter this Final Decree on the docket of the Chapter 11 Cases, and thereafter such docket shall be marked as "Closed."

5. Subject to the performance of any obligations of Omni pursuant to this Final Decree, Omni's services as claims and noticing agent for the Chapter 11 Cases are hereby terminated, and Omni shall be deemed formally discharged as claims and noticing agent for the Chapter 11 Cases without further order of this Court.

6. Pursuant to Local Rule 2002-1(f)(ix), within twenty-eight (28) days of the entry of this Final Decree and Order, Omni shall: (i) forward to the Clerk of the Court an electronic

version of all imaged claims; (ii) upload the creditor mailing list into CM/ECF; and (iii) docket a final claims register. Omni shall further box and transport all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19154, and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

7. This Court shall retain jurisdiction to hear and determine any matters or disputes related to the Chapter 11 Cases, including without limitation any matters or disputes relating to the effect of discharge and/or injunction provisions contained in the Plan and/or the Confirmation Order.

8. Notwithstanding the possible applicability of Rules 6004(h), 7062, or 9014 of the Bankruptcy Rules or otherwise, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

**Dated: July 14th, 2022**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**